# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-681

ECHO GEOPHYSICAL CORPORATION

Plaintiff,

v.

ECKARD LAND & ACQUISITION, LTD., AMERICAN ENERGY PARTNERS, INC. and ENERMAX, INC.

Defendants.

## PRELIMINARY INJUNCTION BY CONSENT WITH REGARD TO ELA AND AEPI

THE COURT, having reviewed the Motion for Preliminary Injunction with Incorporated Memorandum of Law in Support filed by plaintiff, Echo Geophysical Corporation (hereinafter "Echo") and the Stipulation and Joint Motion for Approval of Stipulation filed by Echo and Eckard Land & Acquisition, Ltd ("ELA") and American Energy Partners, Inc. ("AEPI") , hereby orders, adjudges and decrees the following:

### BACKGROUND

1. Echo claims to be a seismic data processing center that manages and develops data pool programs.

2. Echo claims to be the owner of the 3-D Gulf Coast™ Program, a data pool of proprietary seismic data surveys.

3.      Echo claims to have used the trademark 3-D Gulf Coast™ (the "Mark") to identify its seismic data pool program to customers and potential customers since at least 2001.

4.      On or about December 23, 2004, ELA entered into a 3-D Gulf Coast™ Agreement (hereinafter "Agreement") with Echo to participate in the 3-D Gulf Coast™ Program (the "Program") as a Lifetime Financial Only Contributor.

5.      In exchange for a participation fee, ELA was able to participate in the Program, which consisted of access to several surveys and additional surveys as received by Echo over time.

6.      As provided in the Agreement, Echo and ELA agreed the data made available to ELA was for ELA's own internal use and the data was not to be assigned, sublicensed, traded, sold, disposed of or otherwise made available or furnished to any third party by ELA.

7.      Echo claims that ELA, after executing the Agreement, provided Echo's proprietary data, confidential materials, and trade secrets to AEPI, and attempted to grant AEPI a license to use the Program, all in violation of the Agreement.

8.      Echo also claims that ELA through AEPI again violated the Agreement when access to the Program was given to EnerMax, Inc. ("EnerMax").

9.      Echo also claims that ELA, AEPI and EnerMax have used, sold, conveyed, or traded the Program through EnerMax's website www.enermaxinc.com by identifying it as Gulf Coast 3-D.

184138

10. Echo claims that ELA had actual knowledge of the Mark at the time the Program and its imbedded confidential and proprietary data information was shared with AEPI.

11. Echo claims that the data contained in the Program represents Trade Secrets pursuant to COLO. REV. STAT. § 7-74-101, et seq.

12. ELA and AEPI deny that they engaged in any wrongdoing or in violations of the Agreement.

13. ELA and AEPI claim they are both "Clients" pursuant to the definition found in the first unnumbered paragraph of the Agreement in that AEPI is a "wholly owned affiliate" of ELA.

14. ELA and AEPI claim that in regard to the Agreement it has complied with paragraph 4 of the Agreement and that Echo's data was not assigned, sub-licensed, traded, sold, disposed of, or otherwise made available, or furnished to any third party by ELA except pursuant to the terms of the Agreement.

15. ELA and AEPI specifically claim that Echo's data was disclosed to, but not released to or copied by, third parties with whom ELA was engaged in bonafide negotiations to promote joint operations, farmouts and other participation agreements with the third parties for the purposes of exploration, operating and developing any specific area involved.

16. ELA and AEPI claim that before providing Echo's data to such third parties, those parties agreed in writing prior to the disclosure that such third parties would not disclose the data in any way to any other third party.

3

17. ELA and AEPI further claim that it has made no use of the Mark except for the specific purpose of identifying Echo's data to third parties and securing confidentiality agreements with said third parties for the purposes of protecting Echo's data, ELA's data, and American Energy Partners, Inc.'s data.

18. ELA and AEPI further claim that neither party has violated the contractual obligations between ELA and Echo and that the agreement to enter into this preliminary injunction is without prejudice to ELA and AEPI raising any and all of their claims and defenses, including but not limited to, that ELA and AEPI did not violate the terms of the agreement.

## PRELIMINARY INJUNCTION

19. Pursuant to Fed. R. Civ. P. 65(a) and 15 U.S.C. § 1116, ELA and AEP and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise are preliminarily enjoined from engaging in the following acts in the United States or in foreign commerce:

    i. Using the Mark in the advertising or sale of data pool programs, seismic surveys and related goods and services;

    ii. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which is confusingly similar to the Mark including Gulf Coast 3-D;

    iii. Otherwise infringing the Mark;

4

      iv.    Unfairly competing with Echo, wrongfully diluting the distinctiveness of the Mark and otherwise unlawfully injuring Echo's business reputation in any manner; and

      v.    Publishing any website or telephone listing using the Mark and any other name containing words likely to cause confusion with the Mark.

20.    Pursuant to 15 U.S.C. § 1118, ELA and AEP are directed to deliver to Echo all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of ELA and AEP, that use the Mark.

21.    Pursuant to Fed. R. Civ. P. 65(a) and Colo. Rev. Stat. § 7-74-103, ELA and AEP and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise are preliminarily enjoined from disclosing, revealing, using showing or otherwise disseminating any portion of the seismic data pool that constitutes the 3-D Gulf Program which was provided ELA under the Agreement except in absolute compliance with paragraph 4 of the Agreement. In no event shall ELA and AEP further provide to EnerMax the Program.

184138

21. This preliminary injunction shall become €ffective upon the posting of a $1000.00 bond by Echo.

DONE and signed this 8 day of April 2009.

BY THE COURT:

Christine M. Arguello
United States District Court Judge

184138