IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00681-CMA-MEH

ECHO GEOPHYSICAL CORPORATION,

     Plaintiff,

v.

ECKARD LAND & ACQUISITION, LTD.,
AMERICAN ENERGY PARTNERS, INC., and
ENERMAX, INC.,

     Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Upon the stipulation of the parties to this action, it is hereby ORDERED that:

1.      Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Counsel's Retention Only."  Any information which is publicly available, including any information which can be ascertained from examination of a product sold by any party, should not be designated as "Confidential" or "Counsel's Retention Only."

2.      A document should be designated "Confidential" when it contains material subject to the restriction as set forth in paragraph 1, and generally constitutes (a) trade secret, (b) commercial information that is not publically known and is of technical or commercial advantage to its possessor, or (c) other information required by law to be kept confidential.

1

3.     A document should be designated "Counsel's Retention Only" when it contains highly-confidential and proprietary internal financial information belonging to a party which would put the producing person or entity at a competitive disadvantage if the information was used for purposes other than this litigation.

4.     Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents may designate in writing, the things and documents, (as defined in Rule 34 Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced.  Each page of a document so designated must be marked "Confidential" or "Counsel's Retention Only" by the producing party. With respect to any documents produced by the parties prior to the entry of the Protective Order, the parties shall have thirty (30) days from the date such entry in which to designate and mark protected documents as "Confidential" or "Counsel's Retention Only."

5.     With respect to deposition testimony, the witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction.  The witness under deposition or his or her counsel shall have the right, within ten (10) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portion thereof.  During the ten (10) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Counsel's Retention Only." Testimony that has been designated "Confidential" or Counsel's Retention Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

2

6.     Any materials designated "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be provided only to:

(a)     Attorneys of record for the receiving party and their immediate staff;

(b)     Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

(c)     Experts.

(d)     Officers, directors, and employees of the parties.

(e)     Deposition, trial, and fact witnesses.

7.     Materials designated "Counsel's Retention Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be provided to persons identified in paragraph 6(a) through (c).  In addition, such materials may be shown to and reviewed by the persons identified in paragraph 6(d) through (e) at the offices of any counsel of record in this case; provided, however, that such persons may not keep copies of such materials.

8.     Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order for review.  Upon receiving this Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he has read the order and agrees to comply with its terms, provided, however, that persons listed in Paragraph 6(a)shall be exempt from the requirement to sign the Exhibit A statement.

9.     No person to whom documents or information designated "Confidential" or "Counsel's Retention Only" are produced or disclosed (except for the Court) will disclose, copy,

3

give, show, divulge, disseminate or otherwise use the documents or information, or the substance

thereof, for any purpose whatsoever, except for the purpose of prosecuting or defending this

action, including all appeals, and not for any other litigation or purpose.

      10.    The restrictions set forth in this Order will not apply to information which is

known to the receiving party or the public before the date of its transmission to the receiving

party, except as provided in paragraph 4, or which becomes known to the public after the date of

its transmission to the receiving party, provided that such information does not become publicly

known by any act or omission of the receiving party, its employees or agents which would be in

violation of this Order; provided, further, that the provisions of this paragraph are not self-

executing and may not be invoked on a self-help basis.  A party who contends that material

designated as confidential (at either level) under this order should remain confidential shall have

the burden of proving that contention in any proceeding where a confidentiality designation is at

issue.

      11.    Any document or evidence filed with the Court or submitted to the Judge which is

designated as containing "Confidential" or "Counsel's Retention Only" information will be filed

in a sealed envelope or other appropriate sealed container marked on the outside with the title of

the action, and a statement substantially in the following form:

<u>"CONFIDENTIAL" [or "COUNSEL'S RETENTION ONLY"]</u>

This document is subject to a PROTECTIVE ORDER issued by the Court and may not be

examined or copied except in compliance with that Order.

4

12.     The parties shall cooperate with one another to minimize the need for filing documents under seal.  For example, where the information that renders a document confidential is not germane to the issue to which the filing relates, the parties should agree to redaction of such information from the filed document of the substitution of "John Doe" names in place of real identities.

13.     A party may object to the designation of particular information as "Confidential" or "Counsel's Retention Only" by giving written notice to the party designating the disputed information within thirty (30) days after production. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" or "Counsel's Retention Only" to file an appropriate motion within twenty (20) days after the expiration of the ten (10) business day period requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Counsel's Retention Only" as designated by a party under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" or "Counsel's Retention Only" and shall not thereafter be treated as "Confidential" or "Counsel's Retention Only" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" or "Counsel's Retention Only" shall bear the burden of establishing that good

5

cause exists for the disputed information to be treated as "Confidential" or "Counsel's Retention Only".

14.     The "Confidential" or "Counsel's Retention Only" stamps or marks shall be removed for purposes of trial.  However, the removal of any stamp or marking shall not serve as a waiver of the ongoing duty of confidentiality under this Order with regard to such materials.

15.     The Order may only be modified by an Order of this Court.

16.     The terms of this Order shall apply until final disposition of this lawsuit or any other civil or criminal proceeding based on the subject matter of this lawsuit. Final disposition, as used here, refers to a judgment, verdict, or dismissal with prejudice of all parties and of all matters in controversy, where all appeals to any appellate court have been exhausted.

17.     Within sixty (60) days of final disposition of this lawsuit , and unless the attorneys of record otherwise agree in writing, each party shall either (1) assemble and return all designated materials, including copies, to the person(s) and entity from whom the material was obtained or (2) destroy such materials. Notwithstanding the foregoing, Counsel may retain both a physical and electronic copy of any such material for archive purposes.  Furthermore, Attorney work product may be used in subsequent litigation provided that such use does not disclose any Confidential Response.

Counsel, to the extent any archival retention is maintained, agrees to protect the confidentiality of said material similar to how it would protect it or its clients' highly confidential information and keep it from being disclosed.

6

18.    If a document is inadvertently produced by either party without the appropriate confidentiality designation, the producing party may notify the receiving party of the oversight. Once notified, the receiving party shall treat the document as being appropriately designated and subject to this Order.

19.    This Order shall not prejudice the right of any party or non-party to oppose production of any material on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

20.    The parties agree that in the event of any actual or threatened breach of any of the covenants of this Protective Order by or with the complicity of one of the parties to this Protective Order, the non-breaching party will be entitled to relief pursuant to Colorado law, including equitable and injunctive relief.  Nothing contained herein will be construed as prohibiting a party from pursuing any other remedies available to it for such breach or threatened breach, including the recovery of any damages that it is able to prove.

SO STIPULATED:

Effective  October 1, 2009

TREECE ALFREY MUSAT & BOSWORTH, P.C.

_s/ Arthur H. Bosworth, II_

Arthur H. Bosworth, II

999 18th Street, Suite 1600

Denver, CO 80210

Phone: 303.292.2700

Fax: 303.295.0414


ROBINSON WATERS & O'DORISIO, P.C.

_____*s/ Harold R. Bruno, III*_____

Harold R. Bruno, III

Zachary P. Mugge

Robinson, Waters & O'Dorisio, P.C.

1099 18th Street, Suite 2600

Denver, CO 80202

(303) 297-2600

(303) 297-2750 (f)

*Attorneys for Plaintiff*

SHERMAN & HOWARD L.L.C.

_____*s/ Peter G. Koclanes*_____

Peter G. Koclanes, Esq.

633 17th Street, Suite 3000

Denver, Colorado 80202

303-297-2900

303-298-0940 (f)

*Attorneys for ELA and AEPI*

8

HARRIS, KARSTAEDT, JAMISON &

POWERS, P.C.

_____*s/ Arthur R. Karstaedt, III*_____

Arthur R. Karstaedt, III

Harris, Karstaedt, Jamison & Powers, P.C.

188 Inverness Drive West, Suite 300

Englewood, CO 80112

720-875-9140

720-875-9141 (f)

*Counsel for Enermax, Inc.*


IT IS SO ORDERED.

Dated at Denver, Colorado, this 13th day of October, 2009.

BY THE COURT:

Michael E. Hegarty

United States Magistrate Judge

## CONFIDENTIALITY AGREEMENT

1.      I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as COUNSEL'S RETENTION ONLY and/or CONFIDENTIAL within the terms of the Stipulated Protective Order entered in the action entitled ECHO GEOPHYSICAL CORPORATION v. ECKARD LAND & ACQUISITION, LTD., AMERICAN ENERGY PARTNERS, INC. and ENERMAX, INC., United States District Court Case No. 1:09-cv-00681-CMA-MEH.

2.      I have read the aforementioned Stipulated Protective Order, and agree to be bound by it.

3.      I hereby agree to submit to the jurisdiction of the United States District Court for the District of Colorado for enforcement of the undertakings I have made.

4.      Pursuant to 28 U.S.C. § 1745, I declare the foregoing is true under penalty of perjury.

Dated: _____            _____

                                                                NAME

10